IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH WIDGER<br>110-31 73rd Road, Apartment 5B<br>Forest Hills, NY 11375<br><br>        Plaintiff<br>vs<br><br>STATE FARM INSURANCE a/k/a STATE FARM a/k/a STATE FARM INSURANCE COMPANY<br>1 State Farm Plaza<br>Bloomington, Illinois 61710<br><br>        Defendant. | No:<br><br><br>JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Deborah Widger, by and through her attorney, Ronald S. Pollack, Esquire, of Pollack Law, LLC, files the above-captioned civil action, and avers as follows:

I. THE PARTIES

1. The plaintiff, Deborah Widger, is an adult individual residing at the above-captioned address.

2. The defendant, State Farm Insurance a/k/a State Farm a/k/a State Farm Insurance Company (hereinafter referred to as defendant "State Farm") is an insurer licensed to conduct business and issue policies of insurance within the Commonwealth of Pennsylvania and which, at all relevant times, maintained and maintains an office at the above-captioned addresses.

II. VENUE AND JURISDICTION

3. Jurisdiction over claims asserted herein is conferred upon this Court pursuant to 28 U.S.C. §1332, the complete diversity of citizenship of the parties with damages, exclusive of interest, exceeding $75,000.00.

4. Venue is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions

giving rise to the claims occurred in this district.  To that end, the owners of the subject insurance policy reside, or resided, at all relevant times in Pottstown, Montgomery County, Pennsylvania, and the subject collision occurred within Montgomery County, Pennsylvania.  Montgomery County falls within the jurisdiction of this Honorable Court.

III.   THE FACTS

5. On or about September 4, 2015, at approximately 1:15 p.m., the plaintiff, Deborah Widger, was the right rear passenger in the vehicle owned and operated by H.T. Shaner, of 1457 S. Keim Street, Pottstown, PA 19465.

6. H.T. Shaner is the named insured on a policy of insurance issued by defendant State Farm and which was in effect on September 4, 2015.

7. The vehicle owned and operated by H.T. Shaner and in which plaintiff was a passenger on September 4, 2015 was a 2012 Jeep Cherokee and said motor vehicle was registered in the Commonwealth of Pennsylvania..

8. At all relevant periods of time, said afore stated vehicle was being lawfully operated westbound on Interstate 76 (otherwise known in this area as the Schuykill Expressway), at, about, or near mile marker 383.8, in Lower Merion Township, County of Montgomery, Commonwealth of Pennsylvania.

9. At the same date, time and place, third-party tortfeasor Douglas Brown, was the owner and operator of a 2001 Ford F-250, and was proceeding westbound on Interstate 76 (otherwise known in this area as the Schuykill Expressway), in Lower Merion Township, County of Montgomery, Commonwealth of Pennsylvania.

10. H.T. Shaner is the father of plaintiff Deborah Widger.

11. At all times material hereto, the Plaintiff, Deborah Widger, as a passenger, was legally proceeding westbound on Interstate 76 within her father's vehicle, as afore stated, when suddenly and without any warning, the third-party tortfeasor Douglas Brown, failed to stop for the traffic conditions then existing, thereby violently colliding with the rear of the vehicle in which plaintiff was riding.

12. The aforesaid collision was caused solely by the negligence and carelessness of the third party tortfeasor, and was not due to any act or failure to act on the part of Plaintiff, or her father, who was driving her vehicle.

13. Defendant State Farm, per the terms of the applicable policy of insurance, with Policy Number 2199-728-38B, with Underinsured Motorist Bodily Injury benefits of $300,000, is obligated to provide Underinsured Motorist coverage to the Plaintiff herein, per the terms of the aforementioned policy.

14. At all times relevant hereto, plaintiff Deborah Widger did not own, nor live with a resident relative who owned, a motor vehicle and she is therefore entitled to full UIM benefits through defendant State Farm's policy issued for the vehicle in which she was riding and she is also bound by Full Tort coverage.

15. As the third party tortfeasor is underinsured, defendant State Farm is also responsible for the negligent and careless conduct of the third party tortfeasor, as if they were the third party tortfeasor.

16. As indicated herein above, at the same time and place of the collision, third party tortfeasor Douglas Brown was careless and negligent in the operation of his motor vehicle in that he failed to stop or appropriately slow down for the then existing traffic conditions and caused a collision with the vehicle in which plaintiff was riding and accordingly he was 100% responsible for causing the collision.

17. At the time and place aforesaid, there were no obstructions blocking the view of third party tortfeasor Douglas Brown relative to the relevant area.

18. At all times material hereto, third party tortfeasor Douglas Brown must operate the vehicle that he was driving safely.

19. At all times material hereto, third party tortfeasor Douglas Brown must not drive carelessly.

20. At all times material hereto, third party tortfeasor Douglas Brown is not allowed to needlessly endanger other operators of motor vehicles on the road, including, but not limited to plaintiff Deborah Widger.

21. As an operator of a motor vehicle on the roadway, third party tortfeasor Douglas Brown must operate his vehicle carefully.

22. As an operator of a motor vehicle on the roadway, third party tortfeasor Douglas Brown must operate his vehicle in such a manner as to protect others, on and/or about the roadways on which he travels from harm.

23. As an operator of a motor vehicle on the roadway, third party tortfeasor Douglas Brown must make proper observations.

24. As an operator of a motor vehicle on the roadway third party tortfeasor Douglas Brown must keep his vehicle under control.

25. As an operator of a motor vehicle on the roadway, third party tortfeasor Douglas Brown must drive his vehicle at a speed that considers the traffic conditions around him.

26. As an operator of a motor vehicle on the roadway, third party tortfeasor Douglas Brown must drive his vehicle at a speed which allows him to stop within the distance that he can clearly see ahead.

27. As an operator of a motor vehicle on the roadway, third party tortfeasor Douglas Brown must be attentive.

28. As an operator of a motor vehicle on the roadway, third party tortfeasor Douglas Brown must utilize his sense of sight to properly operate his vehicle and evaluate the conditions about him.

29. As an operator of a motor vehicle on the roadway, third party tortfeasor Douglas Brown must utilize his sense of hearing to properly operate his vehicle and evaluate the conditions about him.

30. Third party tortfeasor Douglas Brown was operating a vehicle registered in the Commonwealth of Pennsylvania.

31. At all times relevant hereto, third party tortfeasor Douglas Brown was negligent and careless in the operation of his motor vehicle, in that he failed to stop, slow down and/or take appropriate evasive action to avoid causing a collision with the vehicle in which plaintiff was a passenger.

32. At all times relevant hereto, third party tortfeasor Douglas Brown was

negligent and careless in the operation of his motor vehicle, in that he failed to stop or properly slow down for existing traffic conditions.

33. At the time and place aforesaid, the front of the vehicle being operated by the third-party tortfeasor Douglas Brown, struck the rear of vehicle in which plaintiff Deborah Widger was a passenger.

34. At the time and place aforesaid, the third-party tortfeasor Douglas Brown, had a clear view of the vehicle in which plaintiff was riding, directly in front of him.

35. At the time and place aforesaid, the third-party tortfeasor Douglas Brown, had a clear view of traffic ahead in his direction of travel.

36. At the time and place aforesaid, the third-party tortfeasor Douglas Brown, was aware of the vehicle in which plaintiff Deborah Widger was a passenger, prior to striking said vehicle.

37. At all times relevant hereto, third-party tortfeasor Douglas Brown, was negligent and careless in the operation of his motor vehicle, in that he carelessly and improperly neglected to keep a proper lookout for traffic lawfully proceeding in front of his vehicle, and was traveling at speeds that were too fast for the then-existing traffic conditions, amongst other acts enumerated hereafter, thereby causing it to have a collision with the vehicle in which plaintiff Deborah Widger was a passenger.

38. Plaintiff Deborah Widger's actions did not in any way contribute to the collision between her vehicle and that being operated by the third-party defendant.

39. The driver of the vehicle in which plaintiff Deborah Widger was a passenger, H.T. Shaner's actions did not in any way contribute to the collision between his vehicle and that being operated by third-party defendant.

40. As a result of the foregoing events, Plaintiff Deborah Widger sustained injuries that include serious and permanent bodily injuries as more fully described hereinafter.

IV.  **THE CLAIMS**

  **COUNT ONE - NEGLIGENCE OF THE THIRD PARTY DEFENDANT**

41. Plaintiffs incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

42. At the aforesaid date, time and place, the negligence and carelessness of the third-party tortfeasor Douglas Brown, including those acts outlined herein above, consisted of the following:

  A)  Neglecting to keep his vehicle under such control so as to be able to stop said vehicle without causing a collision with the vehicle in which plaintiff was a passenger;

  B)  Being inattentive;

  C)  Failing to stop or properly slow down for then existing traffic conditions;

  D)  Neglecting to keep a proper lookout for traffic proceeding in front of his vehicle on westbound Interstate 76, at or near the afore stated location;

  E)  Neglecting to operate his vehicle with due regard to the rights, safety, point and position of the vehicle in which plaintiff, Deborah Widger, was a passenger;

  F)  Neglecting to warn motorists, including, but not limited to, plaintiff, of the impending collision, thereby preventing additional opportunity to avoid the collision or avoid injury;

  G)  Traveling at speeds in excess of allowable conditions;

  H)  Neglecting to keep his vehicle under such control so as to be able to stop his vehicle within the assured clear distance ahead;

  I)  Neglecting to make proper observations;

  J)  Neglecting to take the necessary action to avoid and/or evade the collision;

  K)  Driving carelessly;

  L)  Neglecting to abide by the rules of the road, as they apply to

driving on an interstate highway;

    M)    Traveling at speeds in excess of the speed limit for the roadway on which the third-party tortfeasor was driving at the time of the collision;

    N)    Violating the various rules of the road, ordinances of Lower Merion Township, Montgomery County, and the statutes of the Commonwealth of Pennsylvania, pertaining to the operation of motor vehicles under the circumstances;

    O)    Violating, amongst potentially other motor vehicle statutes, 75 Pa.C.S.A. §3110, §3361, and §3714, rendering the third-party tortfeasor's conduct negligent, per se;

    P)    Neglecting to take proper and necessary evasive action;

    Q)    Neglecting to act reasonably under the circumstances; and

    R)    Neglecting to avoid the collision despite having the last clear chance to do so.

43.    As indicated herein above, as the third party tortfeasor was negligent and careless, defendant State Farm is additionally responsible to the plaintiff for the negligent and careless conduct of said third party tortfeasor.

## COUNT TWO
### Deborah Widger v. State Farm

44.    Plaintiffs incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

45.    As a direct and proximate result of the negligence and carelessness of the third-party tortfeasor Douglas Brown, the plaintiff, Deborah Widger, did sustain, and/or may have sustained, and/or may have aggravated, accelerated, and/or exacerbated, severe injuries to the bones, muscles, tendons, ligaments, nerves and tissues in, of, and/or about her head, face, neck, shoulders, back, body and limbs, including, but not limited to: protruding, herniated and/or bulging discs in her cervical, thoracic and lumbar spines; concussion with post-concussive syndrome, nerve root irritation, cervical strain and sprain; thoracic strain and sprain; lumbar

–7–

strain and sprain; myofasciitis; as well as other injuries, the extent and nature of which are as yet not fully determined.  In addition, plaintiff did sustain, and/or may have sustained, post-accident traumatic anxiety reaction and post-accident concussion syndrome that may include, but not be limited to, headaches, nausea, fatigue, insomnia, dizziness, limitation of motion, severe aches and pains, mental anguish and anxiety and severe nervous shock.  Some and/or all of the injuries and conditions suffered from this collision are, and/or may be, permanent in nature, and have in the past, and may in the future, cause the plaintiff great pain and suffering. Plaintiff has been, and will in the future be, prevented from pursuing her usual duties, activities, goals, employment and/or daily affairs, and has been, and will in the future be, caused to expend great sums of money for medical care and attention in and about endeavoring to cure herself of her said injuries.  (It is specifically maintained that this paragraph has been drafted by and is the language of plaintiff's counsel, is meant to be all encompassing as to the potential injuries suffered by the plaintiff, and, in fact, some of the injuries alleged and/or outlined herein may not have actually been suffered.  As plaintiff continues to suffer from the collision related injuries, the medical investigation is continuing in this regard.)

46. By reason of the aforesaid negligence, the plaintiff, Deborah Widger, has been in the past, and may in the future be, obliged to expend sums of money for medicines and medical attention, in and about endeavoring to treat and cure herself of her aforesaid injuries, some or all of which expenditures may not be otherwise recoverable.

47. Although Plaintiff is governed by the Full Tort Threshold, the plaintiff, Deborah Widger, further avers that, as a result of the aforesaid collision, she has suffered a serious impairment to her body function, such that she has suffered not only an impairment to one, or more, of her body functions, but said injuries and impairment has had a significant impact upon plaintiff's ability to perform her normal, usual and customary duties and functions.

-8-

48. The plaintiff, Deborah Widger, further avers that, as a result of the aforesaid collision, she has in the past, is presently, and will in the future, be caused to suffer loss of life's pleasures.

49. Plaintiff further avers that, as the result of the aforesaid incident, she has in the past been, and may in the future be, unable to attend to her normal and usual duties, avocations, and/or occupations, to her great financial damage and loss, including but not limited to lost wages, income and/or loss of essential services.

50. Plaintiff further avers that, as the result of the aforesaid incident, and the injuries she sustained as a direct and proximate result thereof, she has suffered in the past and will suffer in the future physical and emotional pain and suffering, mental anguish concomitant with her physical injuries and humiliation, disability and loss of ability to enjoy the pleasures of life.

51. The plaintiff, Deborah Widger, avers that the injuries, damages and economic losses she sustained as a result of the aforesaid collision were caused by the negligence and carelessness of the third-party tortfeasor for which the defendant is responsible, and were not caused, in any way, by any act, or failure to act, on the part of the plaintiff.

52. Defendant State Farm, as the underinsured motorist insurance carrier responsible for this claim, has a legal obligation to fully, fairly, and completely compensate plaintiff, for all injuries, harms, losses, and damages not covered by the inadequate insurance coverage of the third-party tortfeasor.

WHEREFORE, Plaintiff Deborah Widger demands judgment in her favor and against Defendant State Farm, jointly, severally, individually, and/or in the alternative, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus costs, prejudgment interest, delay damages and such other and further relief as this Court deems appropriate.

## COUNT THREE

### PLAINTIFF v. State Farm
(Contract Claims)

53. Plaintiffs incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

54. At the time Plaintiff Deborah Widger's father, H.T. Shaner purchased the afore stated policy of insurance, upon information and belief which may also have been purchased by plaintiff's mother Geraldine Shaner, they elected to purchase underinsured motorist benefits in order to protect themselves, along with other passengers including their daughter Deborah Widger, and others who may be using the vehicle involved in the claim.

55. Defendant State Farm is in possession of a copy of the policy or a fair and accurate copy of a policy verifying the applicable coverage.

56. As a direct and proximate result of the negligence and carelessness of the third party tortfeasor, Plaintiff suffered the injuries, harms, losses and damages, as aforesaid and incorporated herein as if set forth at length.

57. It is maintained that plaintiff is not bound by the limited tort threshold as a result of being an out of state resident and as she does not own a vehicle, nor does she reside with a resident relative who has such coverage.

58. As the plaintiff is not bound by the limited tort threshold, she is entitled to all damages, harms and losses, including both non-economic damages and economic damages, irrespective of said status.

59. Defendant State Farm is obligated to provide underinsured motorist benefits to the plaintiff per the terms of the policy of insurance as identified herein.

60. Defendant State Farm is obligated to objectively and fairly evaluate plaintiff's claims.

61. Defendant State Farm is obligated to provide and offer payment for the reasonable and fair value of plaintiffs claims.

62. Defendant State Farm is obligated to investigate plaintiff's claims in as much as a thorough and proper inquiry must be made and which in this

case would reveal that the third party tortfeasor was negligent and careless and that Plaintiff has sustained harms, losses, damages and injuries of the type entitling her to compensation per the terms of their insurance contract with the defendant.

63. The investigation will verify that plaintiff is entitled to a policy limit tender for the underinsured motorist coverage available in this case.

64. Any failure on the part of Defendant State Farm to comply with their obligation as enumerated herein and within their contract and agreement is a breach of the contractual obligations of the defendant.

65. As the insurer of the automobile in which plaintiff was a passenger and for which they provide coverage, Defendant State Farm owes a fiduciary, contractual and statutory obligation to Plaintiff to investigate, evaluate and negotiate this underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

66. For the reasons stated above, Defendant State Farm, has, or may have, violated its obligations under the policy of insurance and breached its contract of insurance by not tendering to Plaintiff the underinsured motorist benefits to which Plaintiff is reasonably due under the factual circumstances of this case as described herein and incorporated pursuant to Pa. R.C.P. 1019(g), or by breaching its contractual obligation, after further investigation, if it fails to tender the policy limits of the insurance policy relevant to this matter.

67. In the event that Defendant State Farm fails to fulfill its obligation subsequent to the initiation of any filed claims, they are likewise responsible and would be considered to have breached in obligations, as afore stated.

68. The third party tortfeasor was governed by a policy of insurance issued by United Farm Family with liability policy limits of $50,000.00.

69. Taking into consideration the credit provided for the third party policy limits of $50,000.00, plaintiff's claims for damages exceeds the value of underinsured motorist benefits afforded to her by the policy of insurance

-11-

issued by defendant State Farm, about which is referenced herein above.

WHEREFORE, Plaintiff Deborah Widger demands judgment in her favor and against Defendant State Farm, jointly, severally, individually, and/or in the alternative, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus costs, prejudgment interest, delay damages and such other and further relief as this Court deems appropriate.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury of twelve (12) persons for the within action.

<u>DESIGNATION OF TRIAL COUNSEL</u>

Notice is given that Ronald S. Pollack, Esquire, is hereby designated as trial counsel.

Respectfully submitted,

Pollack Law, LLC

BY: _____
RONALD S. POLLACK, ESQ.
Attorney for Plaintiff
210 E. Street Road
Suite 3A
Feasterville, PA 19053
(215) 396-9660

Dated: January 23, 2026